**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Capital One Bank (USA), NA,

    Plaintiff/Counter Defendant,             Case Number: 11-11072

                                                District Judge Mark A. Goldsmith
                                                Magistrate Judge Laurie J. Michelson

v.

Robert F. Ponte,

    Defendant/Third-Party Plaintiff &
    Counter Claimant

v.

Shermeta, Adams & Von Allmen, P.C.,
Wendy S. Reinhardt, American Century
Investment Services, Keith Redlin, Thomas,
Colby, Spencer Ponte,

    Third-Party Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING**
**<u>REMAND TO STATE COURT</u>**

**I.    RECOMMENDATION**

On March 15, 2011, Defendant removed this case from state district court. (Dkt. 1, Notice of Removal.) All pre-trial matters were subsequently referred to this Court on May 9, 2011. (Dkt. 11.) The Court held a preliminary status conference on May 23, 2011 and raised the issue of whether the Court had subject matter jurisdiction. The Complaint alleges a breach of contract claim against a Michigan resident for $6,857.16 plus costs, interest, and attorney fees. (Dkt. 1, Exs. A and B.) No federal question appears on the face of the Complaint. In his Counterclaim, Defendant alleges violations of federal statutes and this is his asserted basis for removal. (Dkt. 1 at ECF 3.) Because subject matter jurisdiction cannot be predicated on Defendant's Counterclaim, this Court

RECOMMENDS that the Court either *sua sponte* REMAND the case to state court or require Defendant to show cause why the case should not be REMANDED to state court for lack of jurisdiction.

## II. REPORT

### A. Background

On November 15, 2010, Plaintiff/Counter-Defendant Capital One Bank (USA), N.A. ("Capital One") filed a Complaint in the 14A-3 Judicial District Court in Chelsea, Michigan alleging that the Defendant/Counter and Third Party Plaintiff, Robert F. Ponte ("Ponte"), failed to comply with terms and conditions of a credit card agreement and owes a sum of $6,857.16, plus costs, interest, and attorney fees. (Dkt. 1, Notice of Removal, Ex. A.)[1] The entire Complaint consists of seven (7) paragraphs alleging:

> 1. Jurisdiction and venue are proper in this Court.
>
> 2. Defendant(s) entered into a credit card agreement with Plaintiff on APRIL 18, 2001 for a credit card account with account number 5291491905116784.
>
> 3. Upon information and belief, Defendant(s) has possession of the agreement upon which this claim is based.

---

[1] There appear to be several similar cases, involving different credit card accounts, filed by Capital One against Mr. Ponte. *See Capital One v. Ponte*, Case No. 10-14605, Dkt. 7. As in this case, Ponte responded by filing a counterclaim and third party complaints. Several of those cases were removed to federal court by third-party defendant Shermeta, Adams & Von Allmen ("Shermeta"). Shermeta subsequently discovered, however, that the Sixth Circuit generally does not permit a third party defendant to remove an action to federal court because they are not "defendants" for purposes of the removal statute's grant of right of removal. *See, e.g., First National Bank of Pulaski v Curry,* 301 F.3d 456, 462 (6th Cir. 2002). As a result, the parties stipulated to remand the case that was pending before Judge Steeh; Shermeta did not object to an Order to Remand entered in the case before Judge Battani; and Shermeta filed a motion to remand the case currently pending before Judge Borman. *Capital One v. Ponte*, Case No. 10-14605, Dkt. 7 at Ex. A.

> 4. Defendant(s) agreed to the terms and conditions of the credit card agreement by making purchases or taking cash advances on the credit card account.
>
> 5. Plaintiff has fully complied with the terms and conditions of the credit card agreement.
>
> 6. Defendant(s) has defaulted under the terms and conditions of the credit card agreement by failing to pay as promised.
>
> 7. There is presently due and owing the sum of $6,857.16.
>
> WHEREFORE, Plaintiff prays for Judgment in the amount of $6,857.16 plus costs, interest and attorney fees.

(*Id.*)

On October 8, 2010, Ponte filed an Answer to the Complaint as well as a Counter-Complaint and Third-Party Complaint alleging, among other things, that Shermeta Adams & Von Allmen, P.C. violated the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA")– both federal statutes. *Id.* Thereafter, the parties filed numerous responses and amended responses to the Counter-Complaint and Third-Party Complaint. On March 15, 2011, Ponte filed a Notice of Removal pursuant to 28 U.S.C. § 1446. (Dkt. 1.) No motion to remand has been filed.

**B.     Analysis**

"Not only *may* a court raise subject-matter jurisdiction *sua sponte,* it must." *CMS N. Am., Inc. v. DeLorenzo Marble & Tile, Inc.,* 521 F. Supp. 2d 619, 632 (W.D. Mich. 2007) (citing *Clark v. Mindis Metals, Inc.,* 99 F.3d 1138 (Table), 1996 WL 616677, at *3 (6th Cir. Oct. 24, 1996). Indeed, "'defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings.'" *Fowlkes v. Nat'l Archive and Record Adm.,* 2006 U.S. Dist. LEXIS 89072, No. C-3-04-441, 2006 WL 3545105, at *3 (S.D. Ohio Dec. 8, 2006) (quoting *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988)). The Supreme

3

Court likewise confirms that the removal statutes permit a district court to remand *sua sponte* where there is a lack of subject matter jurisdiction:

> The statutory section . . . deals, not with the question of what is removable, but with the procedures that a federal court is to follow after removal occurs. It is entitled: "Procedure after removal generally." § 1447.  In substance, *the section differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason,* e.g., because the removal took place after relevant time limits had expired. For the latter kind of case, there must be a motion to remand filed no later than 30 days after the filing of the removal notice. § 1447(c).  For the former kind of case, remand may take place without such a motion and at any time.  *Ibid*.

*Wisconsin DOC v. Schacht,* 524 U.S. 381, 392 (1998) (emphasis added).  Because lack of jurisdiction would make any ruling in the case void and the continuation of the litigation in federal court futile, "the removal statute should be strictly construed and all doubts resolved in favor of remand."  *Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F. Supp. 2d 721 (E.D. Mich. 2010) (citing *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

Here, Defendant's Notice of Removal makes clear that he is basing removal on federal question jurisdiction *and* that such federal question jurisdiction is created by virtue of his Counterclaim:

> 12. This Notice of Removal is being filed within 30 days of Defendant/Counter-Plaintiff Ponte's filing of *his Counterclaim on February 14,2011, first asserting in this case* claims under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1691, et seq., and the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., among other claims.
> 
> 13. This is a civil case over which this Court has statutory jurisdiction under the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court by the Defendant/Counter-Plaintiff, Ponte pursuant to the provisions of 28 U.S.C. § 1446 *in that the claims*

> *alleged by Ponte* are governed by the FDCPA, 15 U.S.C. § 1691, et seq., and the TILA, 15 U.S.C. § 1601, et seq.

(Dkt. 1 at ECF 3) (emphasis added).

It is well established, however, that a defendant "cannot render the case subject to the subject matter jurisdiction of the federal courts by raising federal defenses or counter claims." *Credit Union One v. Tindall*, No. 07-14505, 2008 U.S. Dist. LEXIS 31680, at *5 (E.D. Mich. Apr. 11, 2008). This case is similar to *Deutsche Bank National Trust Co. v. Pinkard*, No. 08-14639, 2008 U.S. Dist. LEXIS 107364, at *2-3 (E.D. Mich. Nov. 25, 2008), where the Court explained:

> This Court has jurisdiction over an action "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and such a case may be removed by the defendant if the complaint is based on federal law, *see* 28 U.S.C. 1441. The defendant appears to premise his removal on federal question jurisdiction, because he states "Factual Issues in the defense of Defendant are Governed by Federal Statute. . . ." Notice of Removal P 2. He also attaches to his Notice of Removal a "complaint," construed as a counterclaim, that alleges a violation of the Constitution and a federal statute. However, federal question jurisdiction under section 1331 exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Consequently, "it is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 914-15 (6th Cir. 2007) (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)); *see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002) (holding that "a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction"). The plaintiffs' complaint is wholly concerned with state law; federal law is implicated by the defendant only in his defenses and counterclaims. This is not sufficient to bestow jurisdiction on this Court.

Similarly here, because federal law is implicated by Defendant only in his defenses and counterclaim, the Court lacks jurisdiction. *Id.*; *see also Bank of New York v. Davis*, No. 09-10878, 2009 U.S. Dist. LEXIS 76417, at *6 (E.D. Mich. Aug, 26, 2009) (remanding to state court where "removal was improper--the state court proceeding was based solely upon state law, and therefore, this Court lacks subject matter jurisdiction over the case. Defendant's allegations of a counterclaim based on federal statutory laws does not bring Defendant within the bounds of § 1441(b). *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). Because no federal claims were asserted in Plaintiff's complaint, the federal question basis of removal does not apply.").[2]

---

[2] Although not asserted as a basis for subject matter jurisdiction by Defendant, the Court also concludes that diversity jurisdiction does not exist in this case.

First, the requisite amount in controversy, $75,000, is not met. In the state-court complaint, Capital One seeks $6,857.16 plus costs, interest, and attorney fees. The Court acknowledges that there is some lack of clarity in the Sixth Circuit as to whether damages from counterclaims, such as Ponte's TILA and FDCPA claims, can be aggregated to meet the jurisdictional threshold. It appears, however, that the majority view is that it may not. *See Karl v. Bizar*, No. 2:09-CV-34, 2009 WL 2175981, at *5 n.5 (S.D. Ohio July 21, 2009) ("Plaintiffs argue that defendants improperly included the value of the counterclaim when determining the amount in controversy. . . . The United States Court of Appeals for the Sixth Circuit has not definitively ruled on this issue. However, an unreported decision from that court suggests that the value of a counterclaim should not be considered when determining whether the jurisdictional requirement has been met. *Rodney Sanford and Adapt, Inc. v. Gardenour*, No. 99-5504, 2000 U.S.App. LEXIS 17566, at *7-8, 2000 WL 1033025 (6th Cir. July 17, 2000)); *CMS N. Am., Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F. Supp. 2d 619, 627-29 (W.D. Mich. 2007) (reviewing district court cases in the Sixth Circuit and concluding that "[t]he majority of Sixth Circuit district courts to confront the question have held that counterclaims should not be considered when determining the amount in controversy for purposes of removal jurisdiction, and this court finds their reasoning persuasive."). In any event, the face of Ponte's Counterclaim does not suggest the $75,000 minimum is met.

Second, the Court notes that Defendant Ponte, a Michigan resident, was the party who removed this case. Although there is also some lack of clarity surrounding whether a court may *sua sponte* raise the "forum-defendant rule" as jurisdictional, on these facts, this Court concludes that it may do so. This case is in its infancy—no scheduling order has been issued, discovery has not taken place, and no dispositive motions have been filed. *See generally Regions Bank v. Am. Justice School of Law, Inc.*, No. 5:08CV-134-M, 2009 WL 909548 (W.D. Ky. Mar. 30, 2009) (noting that

### III.    CONCLUSION

For all of the reasons set forth above, this Court RECOMMENDS that this case be REMANDED to state court or, alternatively, the Court enter an order to show cause why the case should not be remanded for want of jurisdiction.

### IV.    FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. A copy of any objections is to be served upon this magistrate judge. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due

---

most circuits have found that "the forum defendant rule is procedural and is waived if not raised by the plaintiff within 30 days following removal" but that Sixth Circuit has not definitively resolved the issue; concluding, where case was in its infancy, "that the forum defendant rule is jurisdictional and that it has an obligation to raise the removal defect *sua sponte*."); *Balzer v. Bay Winds Fed. Credit Union*, 622 F. Supp. 2d 628, 631-32 (W.D. Mich. 2009) (holding that whether the forum-defendant rule may be *sua sponte* raised turned on factors of judicial economy and finality of judgments; concluding "the time at which the forum-defendant rule is raised is of far more importance than the identity of the party that raises it. The Court raised the issue [3 weeks] after . . . removal. The Court has not issued a case management order, and discovery has not yet begun. Under these circumstances there is no justification for disregarding the plain language of 28 U.S.C. § 1441.")

within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

            s/Laurie J. Michelson
            LAURIE J. MICHELSON
            UNITED STATES MAGISTRATE JUDGE

Dated: May 26, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 26, 2011.

            s/Jane Johnson
            Deputy Clerk